UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 20-cv-81080-DIMITROULEAS/MATTHEWMAN

THE 2100 CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

vs.

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

FILED BY_____KJZ_____D.C.

Oct 22, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO COMPEL APPRAISAL AND TO STAY LITIGATION [DE 18]

THIS CAUSE is before the Court upon Plaintiff, The 2100 Condominium Association, Inc.'s ("Plaintiff") Motion to Compel Appraisal and to Stay Litigation ("Motion") [DE 18]. The Motion was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 19. Defendant, Lexington Insurance Company ("Defendant") filed a response [DE 20], and Plaintiff filed a reply [DE 26]. The Court held a hearing on the Motion by Zoom Video Teleconference on October 21, 2020. The matter is now ripe for review.

## I. BACKGROUND

Plaintiff's property, insured by Defendant, suffered damage on September 10, 2017, related to Hurricane Irma. Defendant initially provided coverage to Plaintiff in the amount of $33,472.80. [DE 18-5]. Plaintiff and Defendant subsequently entered into a Confidential Settlement Agreement on December 24, 2018 [DE 17], as to certain additional amounts claimed under the policy.

1

Subsequent to the settlement, Plaintiff made a formal claim for damage to window frames and door frames due to Hurricane Irma, but Defendant wholly denied coverage for this damage on February 6, 2020, citing policy exclusions. [DE 18-6].

Plaintiff filed a Complaint for Breach of Contract and Petition to Compel Appraisal against Defendant on June 8, 2020, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. [DE 1-2]. According to the Complaint, Defendant insured Plaintiff under a Homeowners' Insurance Policy. [Compl. ¶ 5]. The property at issue, located at 2100 South Ocean Boulevard, Palm Beach, Florida 33480 suffered loss and damages due to Hurricane Irma. [Compl. ¶¶ 5-6]. Plaintiff alleges that Defendant has failed and/or refused to provide coverage under the Policy for the damages to the insured property and has failed to pay the amounts due and has thereby breached its contract of insurance. [Compl. ¶ 9]. Plaintiff specifically alleges that Defendant "failed and refused to adequately adjust Plaintiff's supplemental claimed damages related to the September 10, 2017 date of loss." [Compl. ¶ 10]. The case was removed to this federal court on July 8, 2020. [DE 1].

## II. <u>THE MOTION, RESPONSE, AND REPLY</u>

### <u>Plaintiff's Motion</u>

Plaintiff argues that this case involves a dispute as to the amount of loss and is subject to appraisal. [DE 18, p. 1]. Therefore, the section of the insurance policy regarding appraisal applies. *Id.* at pp. 1-2. According to Plaintiff, Plaintiff and Defendant previously resolved their dispute as to other amounts claimed under the policy, and the only remaining amount to be determined is that of the "window frames and door frames." [DE 18, pp. 2-3; DE 17]. Plaintiff argues that "it is undisputed that Defendant covered a portion of the subject claim but asserts a denial of coverage

2

for other aspects pursuant to certain policy exclusions." [DE 18, p. 4]. It further contends that "Florida courts have an exceedingly preferential view of resolution through appraisal over that of judicial means." *Id.* Plaintiff requests that the Court stay this action pending completion of the appraisal process in accordance with the terms and conditions of the subject policy of insurance, while retaining jurisdiction to resolve any disputes that arise during the appraisal process and/or subsequent coverage issues. *Id.* at p. 5.

### **Defendant's Response**

In response, Defendant argues that the Confidential Settlement Agreement and Release dated December 24, 2018, "settled and extinguished all of Plaintiff's Hurricane Irma claims except for: 1) costs related to the repair or replacement of window frames and door frames damaged during Hurricane Irma (including glass panes if replacement of window and door frames was necessary); and 2) costs related to glass panes damaged during the hurricane for amounts in excess of another policy issued to 2100 Condominium by USPlate Glass Insurance Company." [DE 20, pp. 1-2]. Defendant asserts that it has not acknowledged coverage in any amount for Plaintiff's claim that is the subject of this dispute and has cited specific policy exclusions in denying the claim. *Id.* at p. 2. According to Defendant, this claim is not appropriate for appraisal. *Id.*

Defendant asserts that, after the parties settled and released the initial claim, Plaintiff "submitted an entirely new claim in the amount of $1,861,260.70 to replace all of the sliding glass doors at the property and to power wash, re-stucco and re-paint the buildings' exteriors." [DE 20. p. 3]. On February 6, 2020, Defendant wholly denied the claim and cited the policy exclusions for wear and tear, deterioration, faulty design, workmanship construction, etc. and other excluded causes. *Id.* Defendant argues that, because it "wholly denied the above-referenced claim by

Plaintiff, this coverage dispute is not appropriate for appraisal under Florida law." *Id.* at p. 4. Defendant further argues that "appraisal is not appropriate until the Court determines whether the alleged loss is covered under the Lexington Policy." *Id.* at p. 6. Defendant accuses Plaintiff of trying "to roll its first claim for roofing damages and its subsequent claim, made only after the first claim was settled, into one." *Id.* at p. 7.

<u>**Plaintiff's Reply**</u>

In reply, Plaintiff alleges that Defendant included several improper assertions and misconstruction of actual events in its response. [DE 26, p. 1]. First, Plaintiff states that, two days following Hurricane Irma, it reported damages that were "vast, expansive, and in relation to the entirety of covered property." *Id.* at p. 2. Second, Plaintiff argues that it and Defendant only reached an agreement as to a "portion of the claim for which a Confidential Agreement and Release was executed. This is evident as additional damages were contemplated and specifically excluded from the Release language allowing the claim to continue." *Id.* Third, Plaintiff explains that it did not file an entirely new claim on February 28, 2019, but rather that the "partial Release" executed on December 28, 2018, specifically contemplated a continuation of the claim for additional damages. *Id.*

Plaintiff asserts that it did not file a completely new claim, which is evidenced by the fact that it was not assigned a new claim number. [DE 26, pp. 2-3]. According to Plaintiff, "[w]hether active or passive, Lexington's inability to fully investigate, identify, and assess all damage related to the reported loss should not result in a forfeiture of 2100's contractual and legal right to seek redress through appraisal." *Id.* at p. 3. Plaintiff maintains that "there was a single reporting for Hurricane Irma damages; there was a single claim number assigned to the reported damages; and

4

coverage was afforded for that claim as evidenced in Lexington's February 9, 2018 letter to 2100."
*Id.* It contends that the claim is now a dispute over the "amount of loss" and not one of coverage.
*Id.* at p. 4.

### III. RELEVANT LAW

"In Florida, appraisal provisions contained within insurance policies are generally treated the same as arbitration provisions." *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016). So "motions to compel appraisal should be granted whenever the parties have agreed to the provision." *Id.* (citing *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d DCA 1994)). And the "enforcement of appraisal provisions [is] preferred over lawsuits 'as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" *First Protective Ins. Co. v. Hess*, 81 So. 3d 482, 485 (Fla. 1st DCA 2011).

"Under Florida law, when an insurer admits that a claim is a covered loss under the policy and the only disagreement is the amount of loss, the amount of loss is a question which should be submitted to appraisal." *James D. Nall Co. v. Hartford Cas. Ins. Co.*, No. 10-24215-CIV, 2011 WL 13223532, at *1 (S.D. Fla. Nov. 15, 2011), *report and recommendation adopted,* No. 10-24215-CV, 2012 WL 13012458 (S.D. Fla. Mar. 29, 2012) (citing *Johnson v. Nationwide Mutual Ins. Co.*, 828 So.2d 1021, 1025 (Fla. 2002); *see also Gonzalez v. Am. Sec. Ins. Co.*, No. 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla. Nov. 10, 2015); *Gonzalez v. State Farm Fire & Cas. Co.*, 805 So.2d 814, 816-17 (Fla. 3d DCA 2000). "If, however, an insurer denies that a claim is covered by the policy, the issue of coverage is to be determined by the Court and falls outside the scope of the appraisal process." *James D. Nall Co.*, 2011 WL 13223532, at *1 (citing

*Johnson*, 828 So.2d at 1025-26).

There are several opinions from the Southern District of Florida regarding whether a motion to compel appraisal should be granted in factual situations similar to the facts in this case. For example, Plaintiff relies on *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-22774, 2015 WL 6504587 (S.D. Fla. Oct. 28, 2015). In *Arvat Corp.*, the insurance company had admitted that there was a covered loss for some of the damage claimed by the insured and had made a payment to the insured. *Id.* at *1. However, the parties still disputed the amount of loss attributable a covered cause versus the amount of loss attributable to an excluded cause. *Id.* The court found that the case should be sent to appraisal, and that, after the appraiser made a determination as to the amount of loss attributable to each cause, the insurance company could still challenge coverage. *Id.*

In *Grove Towers Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-24199-CIV, 2020 WL 4561599, at *2–3 (S.D. Fla. June 9, 2020), *report and recommendation adopted,* No. 19-24199-CIV, 2020 WL 4561600 (S.D. Fla. July 9, 2020), the insurance company stated that at least some of the damage caused by Hurricane Irma was covered, but it disputed the amount of damage. The insured believed that the damage caused by Hurricane Irma was much more extensive than the insurance company had determined. The court explained that, "[b]ecause there is no dispute between the parties that the cause of at least some of the damage to the Property is covered under the Policy, the remaining dispute concerning the scope of the damage and the amount owed is appropriate for appraisal." *Id.* at *3.

In a recent opinion, the Honorable William P. Dimitrouleas, United States District Judge found that "[t]aking the Complaint's allegations as true, Defendant has accepted coverage for the claim, but has failed 'to pay the full amount' Plaintiff believes the claim is worth." *Mackey v.*

*Geovera Specialty Ins. Co.*, No. 19-62229-CIV, 2020 WL 4891518, at *2 (S.D. Fla. Jan. 28, 2020).
Judge Dimitrouleas found that "[w]hile the exhibits attached to Defendant's motion may suggest
the Defendant disputes the amount of loss or whether the cause of some of the loss falls within the
policies exclusions and limitations, Defendant clearly acknowledges that a covered loss occurred
and paid some part of Plaintiff's claim." *Id.* He noted that "[c]ause-of-loss issues where an insurer
has accepted coverage for the claim and paid a portion of the claim are for an appraiser panel to
resolve." *Id.* The motion to compel appraisal was ultimately granted. *Id.*

## IV. <u>ANALYSIS</u>

Here, the parties agree on what the law in Florida and in the Southern District of Florida
states about when appraisal is appropriate pursuant to an insurance policy. They disagree, however,
as to the application of that law to the facts of this specific case. The real dispute here is whether
Plaintiff's claim for damage to the window frames and door frames constitutes a separate claim
which should not go to appraisal because Defendant denied coverage completely <u>or</u> whether the
claim for damage to the windows and doors is part and parcel of the primary claim for which
Defendant made partial payments. The Court finds that the facts of the case support Plaintiff's
position that the claim for damage to the window frames and doors frames is part of the primary
claim.

First, there was one claim number assigned to all of the Hurricane Irma damage to
Plaintiff's property. Second, Defendant made payments for Hurricane Irma damage to the
property. Third, Paragraph 4 of the Confidential Settlement Agreement acknowledged that the
door and window claim was anticipated and referred to the possible window and door claim as the
"only aspect of the loss and the claim that is not released" by the parties' settlement. [DE 17, p. 3].

These facts establish that all of the alleged Hurricane Irma damage is part of one claim and loss, that Defendant has paid for part of the Hurricane Irma-related claim and loss asserted by Plaintiff, and that the remaining portion of the dispute should go to appraisal.

The cases cited above, where there was a single claim for multiple types of damage, and a portion of the claim was resolved and a portion of the claim remained pending, are relevant and applicable. Here, all of the damage to the insured property was allegedly caused by Hurricane Irma. It is all one claim and one alleged loss. Defendant's attempt to break the claim into two parts and avoid the appraisal process should fail, and Plaintiff's Motion is due to be granted. Furthermore, the Court finds that there is no real prejudice to Defendant by compelling appraisal because Defendant can always bring the coverage issue back before the Court after appraisal.

## V. <u>CONCLUSION AND RECOMMENDATION</u>

In light of the foregoing, it is the recommendation of the undersigned that Plaintiff's Motion to Compel Appraisal and to Stay Litigation [DE 18] be **GRANTED**. The undersigned also recommends that this action be stayed pending completion of the appraisal process in accordance with the terms and conditions of the subject policy of insurance, and that the Court retain jurisdiction to resolve any disputes that arise during the appraisal process and/or subsequent coverage issues. Finally, the undersigned recommends that the case be administratively closed and that the parties be required to file periodic joint status reports every 90 days to apprise the Court of the status of the appraisal process.

## <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States

District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of October, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge

9